IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OWEN BELL )<br>    Plaintiff, )<br>v. )<br> )<br>MCLEMORE AND YOUNG PLLC, et al. )<br>    Defendant. ) | CASE NO. 3:17-cv-959<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendant John L. McLemore's Motion to Dismiss (Docket No. 8) along with supporting memorandum of law (Docket No. 9). The Pro Se Plaintiff has filed a document styled Motion to Quash the 17 July 2017 Motion to Dismiss this Case by John McLemore which the court will treat as a response to the Motion to Dismiss. Docket No. 10. For the reasons stated herein, the undersigned recommends that the Defendant's Motion to Dismiss be GRANTED.

## RELEVANT FACTS

Defendant, John C. McLemore, was appointed Trustee by the Bankruptcy Court for the Middle District of Tennessee following the filing of a Chapter 7 bankruptcy filed by Pro Se Plaintiff Owen Bell (Docket No. 1, p. 3). Thereafter, Plaintiff filed several lawsuits in this court pro se against attorneys and other parties to a 2014 judgment obtained against Bell in the United States District Court for the Middle District of Tennessee. McLemore, in his capacity as a trustee, intervened in those actions as the real party in interest and according to the complaint recommended dismissal of the lawsuits. To date, two of the actions, 3:16-cv-02064 and 3:17-cv-00642 have been dismissed. The compliant in this action alleges that the Trustee failed to properly administer the bankruptcy estate by not pursuing the civil actions related to the 2014

judgment. Docket No. 1.

Defendant asserts that under the *Barton* doctrine the court lacks subject matter jurisdiction because the Plaintiff failed to obtain permission from the bankruptcy court before bringing suit against the trustee for issues related to the trustee's official actions. Docket No. 8. Further, Defendant asserts that the complaint fails to state a claim for relief for any of the named causes of action. *Id.*

In response to the Motion to Dismiss, Plaintiff filed a Motion to Quash the Motion to Dismiss wherein he asserts that there is no immunity for obstruction of justice and that the bankruptcy court has no jurisdiction over such a claim. Docket No. 10, p. 2. Plaintiff further argues that the *Barton* doctrine does not apply because the U. S. Trustee Program and Bankruptcy Court have acted as "co-conspirators in collusion with John McLemore. . . ." *Id.* at p. 3.

## STANDARD OF REVIEW

Upon a Motion to Dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) the Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F. 2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Churchs Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987). "If the court determines at any time that it lacks subject matter jurisdiction the court must dismiss the action." Federal Rules of Civil Procedure 12(h)(3). A trial

court has wide discretion to review affidavits and other documents to resolve disputed jurisdictional facts. By considering affidavits and other documents, a motion to dismiss is not converted to a summary judgment motion where it does not impact the merits of the Plaintiff's claim. *See, Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F. 3d 320, 330 (6th Cir. 2007).

## DISCUSSION

This motion hinges upon whether Pro Se Plaintiff's claims against the Defendant are precluded by the *Barton* doctrine due to the related bankruptcy actions. In *Barton v. Barbour*, 104 U. S. 126, 26 L. Ed 672 (1981), the United States Supreme Court stated the requirement that "leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean Motor Co.,* 991 F. 2d 1236, 1240 (6th Cir. 1993)(*citing In re Baptist Medical Center,* 80 B. R. 637, 643 (Bankr. E. D. N. Y. 1987)). The purpose of the requirement is to "enable [ ] the bankruptcy court to maintain better control over the estate." *Id. at 1240.*

Congress enacted a limited exception to the *Barton* doctrine which provides:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U. S. C. § 959(a).

The purpose of this exception is not to interfere with the operation of the bankruptcy property but rather is a means to redress torts committed in furtherance of the bankrupt's business operations. *In re American Associated Systems, Inc.*, 373 F. Supp. 977, 979 (E. D. Ky.

3

1974). "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." *In re DeLorean,* 991 F. 3d at 1241 (citations omitted).

In this case, Plaintiff is asserting claims against the bankruptcy trustee in his capacity as such; the basis of which is the trustee's alleged failure to pursue certain causes of action clearly belonging to the bankruptcy estate and the trustee's intervention in those actions when the plaintiff brought them on his own. It is beyond dispute that those claims were the property of the bankruptcy estate and therefore the trustee's intervention was appropriate and lawful.

The Supreme Court held in *Barton*,"before suit is brought against a receiver, leave of the court by which he was appointed must be obtained." 104 U. S. at 128. The touchstone of the *Barton* inquiry is whether a suit challenges "acts done in [a trustee's] official capacity and within his authority as an officer of the Court." *In re Crown Vantage, Inc.* 421 F. 3d 963, 974 (9th Cir. 2005)(quoting *Leonard v. Vrooman*, 383 F. 2d 556, 560 (9th Cir. 1967)((*In re Castillo,* 297 F. 3d 940, 945(9th Cir. 2002)("[W]ithout leave of the bankruptcy court, no suit may be maintained against a trustee for actions taken in the administration of the estate." (quoting *3 Collier on Bankruptcy*, ¶ 323.03 [3] (15th Ed. Rev. 2001))).

The allegations asserted against the Defendant by Plaintiff relate directly to actions taken by him in his capacity and his responsibility as trustee. As such, Plaintiff's allegations do not invoke the statutory exception to the *Barton* doctrine in 28 U. S. C. 959 (a). The Plaintiff does not contend, and there is no evidence that Plaintiff obtained prior permission from the bankruptcy court to bring this action. For these reasons, Plaintiff's claims asserted against the Defendant are precluded by the *Barton* doctrine and the court lacks jurisdiction to hear those claims. Because the court lacks jurisdiction under the *Barton* doctrine it is unnecessary to

address the Defendant's alternative arguments for dismissal. Thus, the undersigned recommends that the Defendant's Motion to Dismiss (Docket No. 8) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**