# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| OWEN CARL BELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00959 |
| ) | Chief Judge Crenshaw |
| JOHN MCLEMORE, and GARFINKLE, ) | |
| MCLEMORE AND YOUNG PLLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge has entered a Report and Recommendation (Doc. No. 15), recommending that this action for "Obstruction of Justice" (Doc. No. 1) be dismissed for lack of subject matter jurisdiction pursuant to the Barton doctrine. That doctrine, based on Barton v. Barbour, 104 U.S. 126 (1881), holds that, before initiating an action in another forum against certain officers appointed by the bankruptcy court, a plaintiff must obtain authorization from that court. Because Owen Carl Bell did not seek such authorization before suing bankruptcy trustee John C. McLemore for allegedly failing to properly administer Bell's bankruptcy estate, the Magistrate Judge recommends that McLemore's Motion to Dismiss (Doc. No. 8) be granted.

Bell initially filed several objections to the R & R. He argues that (1) "this case is about a potential cover up [of] fraud and perjury"; (2) he does not "believe that any of th[e] cases" cited in the R & R "justify the dismissal of this case": (3) the facts support "the allegations that John McLemore has been and still is willfully interfering with the legal process"; (4) dismissal "will enable the continued Obstruction of Justice" and (5) all of the parties are "acting as co-conspirators" in seeking the dismissal of this case. (Doc. No. 16 at 1-2). After McLemore pointed out in his

1

response (Doc. No. 17) that the Federal Rules of Civil Procedure require "specific written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b)(2), Bell filed a reply that states:

> 1. I want to bring it to the attention of this court that the Barton Doctrine has built in limitations.
>
> 2. I believe that this case involves one of those limitations.
>
> 3. John McClemore, Trustee, has ignored Plaintiffs [sic] rights under the bankruptcy rules to have his assets administered appropriately. Instead he has administered them inappropriately. This defendant has had several, potentially very valuable assets assigned to him and then he has proceeded to have these assets/cases dismissed. These potentially could have produced a significant amount of cash.
>
> 4. I believe that the Barton Doctrine does not apply to this case.

(Doc. No. 18 at 102).

In failing to identify any specific limitation to the Barton doctrine, Bell may have intended an enthmeme, that is, a syllogistic argument that, for rhetorical value, has a proposition suppressed. The problem with this approach is that the exception he intends to invoke is hardly obvious.

"There is 'no generalized tort exception to the Barton doctrine.'" Satterfield v. Malloy, 700 F.3d 1231, 1236 (10th Cir. 2012) (quoting In re Crown Vantage, Inc., 421 F.3d 963, 971–72 (9th Cir. 2005)). There is, however, a "narrow statutory exception," id., that provides: "trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property," 28 U.S.C. § 959(a). This "carrying on business" exception is intended to "permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." Carter v. Rodgers, 220 F.3d 1249, 1254 (11th Cir. 2000). It

2

"does not apply to suits against the trustee for actions taken while administering the estate." In re DeLorean Motor Co., 991 F.2d 1236, 1240–41 (6th Cir. 1993). Thus, "[m]erely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." Id. (citations omitted); see In re VistaCare Grp., LLC, 678 F.3d 218, 227 (3d Cir. 2012) (stating that, where a trustee "acting in his official capacity conducts no business connected with the property other than to perform administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate, § 959(a) does not apply, and leave of court is still required before filing suit against the trustee").

Bell's objections establish that his suit against McLemore falls squarely within the bounds of Barton. He claims that McLemore improperly administered the assets of the estate, but the Barton doctrine recognizes the bankruptcy court's exclusive in *rem jurisdiction* over the estate, and [t]he requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court." In re Crown, 421 F.3d at 971. This is true, even "if the debtor alleges [the] acts were taken with improper motives," Satterfield v. Malloy, 700 F.3d 1231, 1236 (10th Cir. 2012), with "[a] presumption in favor of the trustee, counsel, or other bankruptcy official that they were acting within the scope of their duties[.]" In re Lowenbraun, 453 F.3d 314, 322 (6th Cir. 2006). Further, the Barton doctrine applies "even after the bankruptcy case has been closed and the assets are no longer in the trustee's hands." Muratore v. Darr, 375 F.3d 147 (1st Cir. 2005); see Matter of Linton, 136 F.3d 544, 545 (7th Cir. 1998) (applying Barton doctrine to state law claim brought 11 months after bankruptcy case closed).

Because Bell has not identified any applicable exception to the Barton doctrine, the Court rules as follows:

(1) The Report and Recommendation (Doc. No. 15) is **ADOPTED**;

(2) Bell's Objections (Doc. No. 16) are **OVERRULED**;

(3) McLemore's Motion to Dismiss (Doc. No. 8) is **GRANTED**;

(4) Bell's Motion to Quash Motion to Dismiss (Doc. No. 10) which essentially is a response to the Motion to Dismiss is **DENIED AS MOOT**; and

(5) This case is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of the Court will enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE